UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Qieth McQureerir | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-2175 |
| United States of America, et al., | ) |
| Defendants. | ) |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The purpose of this Notice is to bring to the Court's attention two decisions by the United States Court of Appeals for the District of Columbia Circuit in the cases of *Briscoe v. Potter*, No. 04-5447 (D.C. Cir. Nov. 7, 2005) and *Richmond v. Potter*, No. 04-5403 (D.C. Cir. Nov. 7, 2005) that were rendered after the defendant's Motion to Dismiss was filed in Maryland. Copies of both decisions are attached. These two cases resulted from the same factual scenario as the case being considered and involved claims that are virtually identical to the plaintiff's first two counts.[1]

Specifically, the plaintiffs in all three cases were postal workers who alleged that certain government officials intentionally misrepresented the safety of the U.S. Postal Service's Brentwood Processing and Distribution Center in Washington, D.C., where the plaintiffs were working when they were exposed to anthrax in October of 2001. The plaintiffs all asserted that the defendants' actions violated the plaintiffs' rights to procedural and substantive due process

---

[1] A copy of these cases was provided to the plaintiff's counsel on November 28, 2005.

(McQureerir's Counts 1 and 2 respectively). Judge Collyer's and Judge Kollar-Kotelly's reasons for dismissing these claims are outlined in the defendants' Motion to Dismiss.

On appeal, the D.C. Circuit affirmed the dismissal of both complaints and held that the procedural and substantive due process claims were precluded by the Federal Employees Compensation Act (FECA), which the court characterized as "an 'elaborate, comprehensive scheme' that Congress has provided to govern employees' injured in federal workplaces." *Briscoe*, slip op. at 2 (*citing Bush v. Lucas*, 462 U.S. 367(1983)); *Richmond*, slip op. at 2 (*citing Bush v. Lucas*, 462 U.S. 367(1983)). The Court recognized that "FECA provides the exclusive remedy for [the plaintiffs'] injuries." *Briscoe*, slip op. at 2; *Richmond*, slip op. at 2 (citations omitted).

For these reasons, and for the reasons set forth in the Defendants' Motion to Dismiss and in the Defendants' Reply, the United States and the individual federal defendants John Potter, Patrick Donahue, Timothy Haney, Julie Gerberding and Thomas Day submit that all of the plaintiff's claims should be dismissed with prejudice.

Dated: February 7, 2006

        Respectfully Submitted

        Peter D. Keisler
        Assistant Attorney General

        Kenneth L. Wainstein
        United States Attorney

        Timothy P. Garren,
        Director, Torts Branch
        Civil Division

                                                  /s/
Edward J. Martin
Trial Attorney, Torts Branch
Civil Division
United States Dept. of Justice
P. O. Box 7146
Ben Franklin Station
Washington, D.C. 20044
(202) 616-1024
Attorneys for the defendants