# ATTACHMENT

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 04-5403                                    September Term, 2005

03cv00018

Filed On:



Leroy Richmond,
    Appellant

v.

John Jack Potter, a/k/a Jack Potter, Individually as
Postmaster General of the U.S. Postal Service, et al.,
    Appellees

Appeal from the United States District Court
for the District of Columbia
No. 03cv00018

BEFORE: SENTELLE, TATEL, and GARLAND, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia, and on the briefs of the parties and oral arguments by counsel. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36(b).

Plaintiff-Appellant claims various officials at the United States Postal Service (USPS) violated his rights under the "substantive due process" and "equal protection" components of the Fifth Amendment. Specifically, the complaint alleges that the defendants intentionally misrepresented the safety of USPS's Brentwood Processing and Distribution Center in Washington, D.C., where Richmond was working when he contracted inhalation anthrax in October 2001. Relying on *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971), Richmond claims the USPS officials' conduct was outrageous and constituted racial discrimination, making them personally liable for money damages. The District Court dismissed Richmond's complaint pursuant to Fed. R. Civ. P. 12(c).

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 04-5403                                        September Term, 2005

We conclude Richmond's *Bivens* claims are precluded by an "elaborate, comprehensive scheme" that Congress has provided to govern employees' injuries in federal workplaces. *Bush v. Lucas*, 462 U.S. 367 (1983); *see also Schweiker v. Chilicky*, 487 U.S. 412, 424-25 (1988). Under the Federal Employees Compensation Act (FECA), the government must "pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). FECA provides the exclusive remedy for Richmond's injuries. *See Johansen v. United States*, 343 U.S. 427, 439-40 (1952) (FECA is the "exclusive right to Government employees for compensation, *in any form*, from the United States. . . . [FECA's] comprehensive plan for waiver of sovereign immunity, in the absence of specific exceptions, would naturally be regarded as exclusive.") (emphasis added). Moreover, to the extent FECA does not cover Richmond's racial discrimination claim, Title VII of the Civil Rights Act of 1964 provides the exclusive judicial remedy for claims of racial discrimination in federal employment. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). It is therefore

**ORDERED AND ADJUDGED** that the District Court's dismissal of the complaint is affirmed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY: Michael C. McGrail
Deputy Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 04-5447**  **September Term, 2005**

03cv02084

Filed On:

Dena Briscoe, Individually and as class representative of Brentwood facility employees who are represented by the American Postal Workers Union, et al.,
   Appellants

v.

John E. Potter, United States Postal Service Postmaster General in his individual capacity, et al.,
   Appellees

> UNITED STATES COURT OF APPEALS
> FOR DISTRICT OF COLUMBIA CIRCUIT
>
> FILED  NOV 7 2005
>
> CLERK

Appeal from the United States District Court
for the District of Columbia
No. 03cv02084

BEFORE: SENTELLE, TATEL, and GARLAND, *Circuit Judges.*

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia, and on the briefs of the parties and oral arguments by counsel. The court has determined that the issues presented occasion no need for an opinion. *See* D.C. Cir. Rule 36(b).

Plaintiffs claim various officials at the United States Postal Service (USPS) violated their rights under both the procedural and "substantive" components of the Fifth Amendment's Due Process Clause. Specifically, the complaint alleges that the defendants intentionally misrepresented the safety of USPS's Brentwood Processing and Distribution Center in Washington, D.C., where the plaintiffs were working when they were exposed to anthrax in October 2001. Relying on *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971), the plaintiffs claim the USPS officials should be personally liable for money damages. The District Court dismissed the complaint.

### United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 04-5447                      September Term, 2005

     We conclude the plaintiffs' *Bivens* claims are precluded by an "elaborate, comprehensive scheme" that Congress has provided to govern employees' injuries in federal workplaces. *Bush v. Lucas*, 462 U.S. 367 (1983); *see also Schweiker v. Chilicky*, 487 U.S. 412, 424-25 (1988). Under the Federal Employees Compensation Act (FECA), the government must "pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). FECA provides the exclusive remedy for Richmond's injuries. *See Johansen v. United States*, 343 U.S. 427, 439-40 (1952) (FECA is the "exclusive right to Government employees for compensation, *in any form*, from the United States. . . . [FECA's] comprehensive plan for waiver of sovereign immunity, in the absence of specific exceptions, would naturally be regarded as exclusive.") (emphasis added). It is therefore

     **ORDERED AND ADJUDGED** that the District Court's dismissal of the complaint is affirmed.

     Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

*Per Curiam*

FOR THE COURT:
Mark J. Langer, Clerk

BY: *[signature]*
Michael C. McGrail
Deputy Clerk