IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
QIETH McQUREERIR                      :
                                      :
          Plaintiff                   :
                                      :
     vs.                              : Civil Action No.: 05 2175
                                      :
                                      :
UNITED STATES OF AMERICA, ET AL       :
                                      :
          Defendants                  :
```

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

QIETH McQUREERIR, Plaintiff, by Wilson & Parlett, and Robert Earl Wilson, his attorneys, file this Notice of Supplemental Authority to bring to the Court's attention the current status of two decisions by the United States Court of Appeals for the District of Columbia Circuit noted in Defendant's Notice of Supplemental Authority.

A Petition for a Writ of Certiorari was filed by petitioners in <u>Dena Briscoe, et al. vs. John E, Potter, Postmaster General, et al</u>, 04-5447 (D.C. Cir. Nov. 7, 2005) on February 3, 2006.  A response by respondent will be due to be filed on March 6, 2006.  See Exhibit A, attached hereto.

A Petition for Writ of Certiorari was filed by petitioner in <u>Leroy Richmond v. John E. Potter, Postmaster General, et al</u>, No. 04-5403 (D.C. Cir. Nov. 7, 2005) on February 6, 2006.  The response by respondent is due to be filed on March 9, 2006.  See Exhibit B, attached hereto.  A copy of the Petition for Writ of Certiorari with Appendix in <u>Richmond</u> is attached

hereto. See Exhibit C, attached hereto.

As noted by Defendant in Defendant's Notice of Supplemental Authority, the Plaintiffs in all three cases were postal workers who allege that certain government officials intentionally misrepresented the safety of the U.S. Postal Service's Brentwood Processing and Distribution Center in Washington, D.C. where the Plaintiffs were working when they were exposed to anthrax in October of 2001. All three Plaintiffs assert that the Defendants' actions violated their rights to procedural and substantive due process. In <u>Briscoe</u> and <u>Richmond</u>, the United States Court of Appeals for the District of Columbia Circuit affirmed dismissal of both complaints and held, essentially, that the procedural and substantive due process claims were precluded by the Federal Employees' Compensation Act (FECA). Defendants assert that McQureerir's claims are subject to the same analysis and should be dismissed.

Inasmuch as all three cases are substantively similar and the issue of preclusion by the Federal Employees Compensation Act (FECA) may be dispositive of all three claims, it is respectfully suggested that this case should be stayed pending the outcome of <u>Briscoe</u> and <u>Richmond</u>.

          Respectfully submitted,

          WILSON & PARLETT

            /s/
          Robert Earl Wilson
          D.C. Bar No. 376394
          Attorneys for Plaintiff,
           Qieth McQureerir
          14803 Pratt Street
          Upper Marlboro, MD 20772
          (301) 952-1311

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 21st day of February, 2006, that a copy of the aforegoing Plaintiff's Notice of Supplemental Authority was mailed First Class, postage prepaid to: **Edward J. Martin, Esq., Peter D. Keisler, Esq., Kenneth L. Wainstein, Esq., and Timothy P. Garren**, **Esq., Attorneys for Defendants, P.O. Box 7146, Ben Franklin Station, Washington, D.C. 20044.**

            /s/
          Robert Earl Wilson